People v Morris (2020 NY Slip Op 05692)





People v Morris


2020 NY Slip Op 05692


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 2817/16 Appeal No. 12049 Case No. 2018-2328 

[*1]The People of the State of New York, Respondent,
v
Keith Morris, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan Byrne of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Karen Schlossberg of counsel), for respondent. 



Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered February 28, 2018, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 14 years to life, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence demonstrated that defendant caused physical injury to the victim by suddenly placing him in a chokehold and thereby setting in motion the events that ultimately resulted in an ankle injury, which was reasonably foreseeable (see generally People v Davis, 28 NY3d 294, 300 [2016]). Although the victim had presented to the hospital some months earlier with an injury to the same ankle, the victim's testimony that the prior injury had healed, along with the new onset of pain and swelling immediately following the incident, supported the conclusion that this was a new physical injury satisfying that element of Assault in the Second Degree. Defendant did not preserve his claim that the evidence was insufficient to establish the element of intent, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, and we also find that the verdict was not against the weight of the evidence with regard to that element.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020